IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

KEITH GRAY AND
DEBORAH HARRIS

VS.                                          CIVIL ACTION NO. 5:05cv210-KS-MTP

DOUG UPCHURCH, INDIVIDUALLY,
JONES & UPCHURCH, INC., ET AL

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the following, to-wit:

1.    Motion to Dismiss Second Amended Complaint filed by Washington Mutual

      Home Loans, Inc., and Long Beach Mortgage Company [43]; and

2.    Motion to Dismiss filed by Doug Upchurch, Individually, Jones and Upchurch,

      Inc., Buford Land Partners, Buford Partners, LP, Pete Buford, Individually, and J.

      Allen Derivaux [41] and [46].

The Court, after reviewing the motions, briefs, applicable statutory and case law, and

exhibits and being fully advised in the premises finds, that the motion by Washington Mutual

Home Loans, Inc., and Long Beach Mortgage Company is well-taken and should be **sustained**

and the motions by the remaining moving defendants, Doug Upchurch, Individually, Jones and

Upchurch, Inc., Buford Land Partners, Buford Partners, LP, Pete Buford, Individually, and J.

Allen Derivaux, should be **overruled** for the hereinafter stated reasons.

## FACTS

Keith Gray and Deborah Harris ("Plaintiffs") negotiated with and contracted to purchase

from Buford Land Partners a new mobile home and .308 acres of land for the agreed purchase

1

price of $66,009.65.  Included in the contract was a new mobile home, the lot, and improvements

thereon, and on January 24, 2002 the parties closed the transaction. Prior to the closing

Mississippi Mortgage, a mortgage broker, arranged for permanent financing with Long Beach

Mortgage Company, a subsidiary of Washington Mutual Home Loans, Inc., (jointly referred to

hereafter as "Mortgagee Defendants").  An appraisal had been obtained from Jody Wooten[1].  The

appraisal was dated October 30, 2001 and valued the subject premises at $81,231.00 based on the

cost approach and $80,000.00 on comparative sales approach.  Some of the comparables used to

establish the value were known to be fraudulent or incorrect by the appraiser, but she,

nevertheless, sent the appraisal to the lender.  Mississippi Mortgage was the mortgage broker that

put the Plaintiffs and Defendants together.[2] Defendant J. Allen Derivaux was the closing

attorney.

At the closing defendants Buford and Derivaux guided the Plaintiffs through the process

and presented to them the necessary paperwork. For the first time, Plaintiffs were presented with

a purchase contract from Buford Land Partners showing a cash purchase price of $80,000.00,

which was some $14,000.00 more than the original contract price. They were also presented with

a promissory note and deed of trust to Long Beach Mortgage Company in the amount of

$64,000.00, a second mortgage to Buford in the amount of $12,000.00, and were also given

assurances that they would never be called on to pay the mortgage and note to Buford Land

---

[1]  There is a dispute as to whether Jody Wooten was employed by Doug Upchurch, Jones
and Upchurch, Inc., or Real Estate Appraisers.  For the purposes of this motion, the Plaintiffs
version of the facts is accepted as true as to this issue and to other factual issues.

[2]  It is unclear from the pleadings before the Court as exactly what Mississippi Mortgage
did, but the Second Amended Complaint states that Mississippi Mortgage is an agent for the
mortgagee defendants.

Partners.  From the proceeds of the loan, Derivaux delivered to Buford funds from which he

purchased a bank check from Bancorp South in the amount of $10,079.55 and returned it to

Derivaux. This bank check was represented to be funds of Plaintiffs. The HUD-1[3] was prepared

by Derivaux listing the contract sales price as $80,000.00, showing owner financing of

$12,000.00, a first mortgage to Mortgagee defendants in the amount of $64,000.00, and closing

costs to be paid by borrowers in the amount of $6,079.55.  Defendant Mississippi Mortgage was

paid a processing fee, origination fee, appraisal fee, and a credit report fee totaling $1,896.00.

Defendant Derivaux was paid fees totaling $525.00, some other typical fees were paid and a fee

in the amount of $2,123.00 was paid to Eagle Bend Investments.  Plaintiffs, Buford Land

Partners, LP, acting through Pete Buford, and J. Allen Derivaux signed the HUD-1 form listing

all of the above sums. Apparently, Plaintiffs took possession of the property and, as far as the

Court can determine, retain possession. This complaint was filed November 14, 2005, almost

four years after the closing.

On December 13, 2006 this Court issued a Memorandum Opinion and Order [35] holding

that all of Plaintiffs' claims, except their civil RICO claims, were time barred but they were

allowed to amend and assert civil RICO claims. Following the issuance of said order, Plaintiffs

filed subject Second Amended Complaint and the accompanying RICO statement required in the

standing local order. (Standing Order, July 13, 1998)

### STANDARD OF REVIEW

The Defendants have moved the Court to dismiss this matter under Rule 12(b)(6) for

---

[3]  The HUD-1 is a document required by Congress to be completed for residential
closings.  It discloses all fees and shows sources and uses of all funds.

3

failure of the Plaintiffs to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case. "The Rule 12(b)(6) motion...only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[4] *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted).  See also, *Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme Court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, _____ U.S. _____, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929, 940 (2007)(other citations omitted). Of course, if any matters outside the complaint are considered, the motion is converted to one for summary judgment.  See *Murphy v. Inexco Co.,* 611 F.2d 570, 573 (5th Cir. 1980).

## DISCUSSION

### MOTION TO DISMISS SECOND AMENDED COMPLAINT
### FILED BY WASHINGTON MUTUAL HOME LOANS, INC.,

---

[4] Even where the Plaintiff fails to respond to the motion, the Court is required to view the facts in the light most favorable to Plaintiff

*AND LONG BEACH MORTGAGE COMPANY.* **[43]**

The standard for sustaining a motion under 12(b) is stated above.  Simply put, Plaintiffs must plead facts that state a claim which would entitle them to relief. They have an obligation to provide the grounds for their entitlement to relief in more than a conclusory fashion. In their claim against Mortgagee Defendants, Plaintiffs allege a conspiracy among the Mortgagee Defendants and other defendants.[5]  The Actor Defendants are alleged to be dishonest appraiser(s), dishonest seller(s) and a dishonest lawyer.  These Actor Defendants were put together with the Mortgagee Defendants by Mississippi Mortgage, another defendant classified as an Actor Defendant. The Actor Defendants are each alleged to have committed multiple unlawful acts that violate 18 U.S.C. § 1962 (c)[6].

The allegations as to the Mortgagee Defendants consist of violations of 18 U.S.C. § 1962(d).[7] Addressed specifically, Plaintiffs allege as follow:

> Defendants Long Beach Mortgage and Washington Mutual Home Loans, Inc., as co-conspirators of bank fraud, wire fraud and mail fraud.(sic).  The defendant mortgage lenders herein were part and parcel and instrumental in the perpetration of this scheme.  The

---

[5]Doug Upchurch, Individually, Jones and Upchurch, Inc., Buford Land Partners, Buford Land Partners, LP, Pete Buford, Individually, J. Allen Derivaux, and Mississippi Mortgage Company are the other defendants. These defendants will be referred to hereinafter as the "Actor Defendants."

[6]1962(c) states: "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or to participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." The racketeering alleged is wire fraud, mail fraud, and bank fraud, all predicate acts as listed in 18 U.S.C. § 1961.

[7]It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b) or (c) of this section.

> mortgage company sought mortgages for the purpose of
> securitization and sale to investors who ultimately bear the risks of
> loss in event of default by the homeowner. The lenders knew, or
> should have known, that the subject prospectus were (sic) grossly
> overvalued and that the plaintiffs' income and down payment
> amounts had been fraudulently inflated.

In ¶ 32 of the Second Amended Complaint, Plaintiffs state:

> Based on information and belief, all of the closing records and
> documents were delivered to the initial mortgage lender, defendant
> Long Beach Mortgage Company.  Said mortgage loan is now either
> owned or administered by defendant Washington Mutual Home
> Loans, Inc. Despite the fact that a simple review of such records
> clearly reveals the true nature, conduct and acts of defendants
> Buford, Buford Land Partners and Derivaux, no action has been
> taken by either defendants Long Beach or Washington Mutual.
> Thus, Long Beach Mortgage Company and Washington Mutual
> acted in concert with, conspired with, assisted, aided and abetted or
> ratified the fraudulent conduct of defendants Buford, Buford Land
> and Derivaux.

Plaintiffs made a huge leap of faith when they presumed that because of the Mortgagee

Defendants' lack of action that they were *obviously* co-conspirators with the Actor Defendants.

The Plaintiffs state no facts that establish any conspiracy. There are other allegations made

against all defendants but nowhere is there any fact pled that would tie the Mortgagee Defendants

with the Actor Defendants in a conspiracy.

The Plaintiffs have not complied with pleading the required facts to sustain a 12(b)

challenge on the conspiracy charge. Plaintiff's "obligation to provide 'grounds' of his

'entitlement to relief' requires more than labels and conclusions and a formulaic recitation of the

elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly* ____  U.S. _____, ____,

127 S. Ct. 1955, 1964-1965, 167 L. Ed. 2d 929, 940 (2007) (other citations omitted). Nowhere in

the Second Amended Complaint is there alleged any predicate violation of § 1962 committed by

6

Mortgagee Defendants. The particularity requirements for pleading fraud under Fed. R. Civ. P. 9(b) apply to RICO claims, *Williams v. WMX Technologies, Inc.,* 112 F. 3d 175, 177 (5th Cir. 1997).  At a minimum, "articulating the elements of fraud with particularity requires the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made and explain why the statements were fraudulent."  The pleading of fraudulent activity as well as any basic facts that establish a conspiracy on behalf of the Mortgagee Defendants is non-existent.[8]

### *Necessity of Enterprise.*

Basic to any RICO claim is the allegation of an "enterprise."  An enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).  An enterprise can be either a legal entity such as a corporation or an association of fact. *Crowe v. Henry*, 43 F. 3d 198, 204 (5th Cir. 1995) (citation omitted). In *United States v. Turkette*, 452 U.S. 576, 101 S. Ct. 2524, 69 L. Ed. 2d 246 (1981), the Supreme Court defined an association in fact as "a group of persons associated together for a common purpose of engaging in a course of conduct." 452 U.S. 576, 583, 101 S. Ct 2524, 2528. In this case, Plaintiffs allege that the RICO enterprise was an association in fact consisting of the predicate actor defendants who make the deals and the investors and lender (Long Beach and WMHL) who purchase the loans, package them, securitize them and sell them in the open market.

To establish an association in fact enterprise Plaintiff must "show 'evidence of an

---

[8]Plaintiffs must adequately allege elements and knowledge of the lending defendants with the predicate actor defendants.  *Overton Corp. v. Case Equip. Co.,* 191 W.L. 161, 170 at 4.5 (D. Me. 1991).

ongoing organization, formal or informal, and... evidence that the various associates function as a continuing unit.'" *Atkinson v. Anadarko Bank and Trust Company*, 808 F. 2d 438, 440 (5th Cir.) (Citations Omitted).  This formulation of an association in fact enterprise incorporates the notion of continuity.  The Fifth Circuit states:  "An association in fact enterprise (1) must have an existence separate and apart from the pattern of racketeering , (2) must be an ongoing organization and (3) its members must function as a continuing unit as shown by a hierarchical or consensual decision making structure." *Delta Truck,* 855 F. 2d 241, 243; (remaining citations omitted).  Plaintiffs have failed to specifically allege that the Mortgagee Defendants herein did anything other than make loans that they knew or should have known were secured by inflated collateral values. *Crowe v. Henry*, 43 F. 3d 198 (5th Cir. 1995).  There has been no allegation of a mechanism in place for controlling and directing the affairs of the group that included the Mortgagee Defendants or that they were part of the association.

FOR THE REASONS ABOVE STATED, the Court finds that the Motion to Dismiss filed by Mortgagee Defendants should be **sustained** and Long Beach Mortgage and Washington Mutual Home Loans, Inc., be dismissed with prejudice.

### *MOTION TO DISMISS FILED BY DOUG UPCHURCH, INDIVIDUALLY, JONES AND UPCHURCH, INC., BUFORD LAND PARTNERS, BUFORD LAND PARTNERS, LP, PETE BUFORD, INDIVIDUALLY AND J. ALLEN DERIVAUX*

This motion is filed by the Actor Defendants, minus Mississippi Mortgage. As stated above, the Actor Defendants consist of the realtor (seller), the appraiser and the attorney, or their designated agents.  The admitted facts are that there was an appraisal that was for significantly more than the selling price, there was a false HUD form submitted, there was a bank check

8

purchased out of the proceeds, contrary to the instructions of the lender, and that representations were made regarding false equity paid into the transaction by Plaintiffs. These facts sufficiently plead racketeering activity as defined in 18 U.S.C. § 1961.  There is also pled in the complaint and RICO statement that an enterprise existed consisting of the realtor, seller, appraiser and attorney. Many unanswered questions remain, one of which is the complicity of the Plaintiffs in these actions.  However, the facts pled are sufficient to withstand a 12(b) challenge.  Specifically, the Plaintiffs have pled, in addition to the racketeering activity, that there was a continuing association among Actor Defendants that preceded and post dated the discreet act of selling the property in question.

FOR THE REASONS STATED, the Motion to Dismiss filed by Doug Upchurch, Individually, Jones and Upchurch, Inc., Buford Land Partners, Buford Land Partners, LP, Pete Buford, Individually, J. Allen Derivaux, and Mississippi Mortgage Company is **overruled.**

**CONCLUSION**

The Defendants Long Beach Mortgage and Washington Mutual Home Loans, Inc., are hereby **dismissed with prejudice** and a Judgment in compliance with Rule 58 of the Federal Rules of Civil Procedures and consistent with this Court's order shall follow. The Motion to Dismiss as to the remaining Movants is **overruled.**

SO ORDERED this, the 3rd day of August, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE